DENIS NAVRATIL
43 Parkwood Court
Racine, WI 53402,

DIMPLE NAVRATIL
43 Parkwood Court
Racine, WI 53402,

and

DIMPLE'S LLC,
416 Main Street
Racine, WI 53402,

File No. _____

    Plaintiffs,

vs.

CITY OF RACINE
730 Washington Avenue
Racine, WI 53403

CORY MASON, individually in his official capacity
3907 Lighthouse Drive
Racine, WI 53402,

    Defendants.

## COMPLAINT

The Plaintiffs, DENIS NAVRATIL, DIMPLE NAVRATIL and DIMPLE'S LLC, by and through their attorneys, TERRY & NUDO, LLC, by Todd A. Terry, hereby allege as follows:

## JURISDICTION

1.  That the Plaintiffs assert claims for declaratory and/or damages relief against the Defendants based on (a) Defendants collaboration in the gross and continuing violation of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution; (b) Federal Civil Rights claims under 42 U.S.C. § 1983; and (c) State of Wisconsin common law claim for Defamation.

2.  That this Court has jurisdiction of the federal constitutional and statutory questions under 28 U.S.C. §1331.

3.  That this Court has supplemental jurisdiction for the state claims asserted herein under 28 U.S.C. §1367.

4.  That venue for all causes of action stated herein lies in the Milwaukee Division of the Eastern District of Wisconsin as the acts alleged as a basis for federal claims took place within the boundaries of that District.

## PARTIES

5.  That DENIS NAVRATIL (hereinafter "DENIS") is an adult resident of the State of Wisconsin residing at 43 Parkwood Court, Racine, Wisconsin 54202.

6.  That DIMPLE NAVRATIL (hereinafter "DIMPLE") is an adult resident of the State of Wisconsin residing at 43 Parkwood Court, Racine, Wisconsin 53402.

7.  That DIMPLE'S LLC (hereinafter "DIMPLES") is a limited liability company duly organized and existing under the laws of the State of Wisconsin with its principal place of business, at all times relevant to the action, at 416 Main Street, Racine, Wisconsin 53402.

8.  That DENIS and DIMPLE are the two owners/members of DIMPLES.

9. That DIMPLES, by unanimous consent of its members has authorized this instant lawsuit.

10. That the Defendant, CITY OF RACINE, (hereinafter the "CITY") is a municipal corporation incorporated under Wisconsin Statutes as a City pursuant to Wis. Stats Ch. 66

11. That CORY MASON (hereinafter "MASON") is an adult resident of the State of Wisconsin residing at 3907 Lighthouse Drive, Racine Wisconsin 53402.

12. That MASON is and was the Mayor for the City of Racine, a Wisconsin Municipal Corporation, at all times relevant to the allegations as asserted herein.

13. That MASON is named individually, but in his official capacity with the City of Racine as further stated herein.

## DIMPLE'S STORE

14. That DIMPLES owns and operates an import and gift store in the CITY located at 416 Main Street, Racine, Wisconsin 53403 and does business as Dimple's Fine Imports.

15. That DIMPLES has been the longest serving retail store on Main Street in downtown Racine at all times relevant to this action.

16. That DIMPLES provides marital income for DENIS and DIMPLE.

## COVID GRANT

17. That as a result of the COVID pandemic, the CITY, in and around March 2020, funded and authorized a Small Business Emergency Assistance Fund (hereinafter the "FIRST GRANT").

18. That the FIRST GRANT was intended to help those businesses that were financially impacted by the COVID pandemic.

Page 3

Case 2:21-cv-00181-SCD    Filed 02/15/21    Page 3 of 17    Document 1

19. That the review and award of monies under the FIRST GRANT were administered by a Funding Selection Committee (hereinafter the "COMMITTEE).

20. That the COMMITTEE members were appointed by MASON.

21. That the members of the COMMITTEE were as follows: MASON, William Martin, Shannon Powell, James Palenick and Matthew Rejc.

22. That DIMPLES applied for funds under the FIRST GRANT.

23. That DIMPLES met each and every one of the criteria for the FIRST GRANT.

24. That eighteen (18) businesses received funding under the FIRST GRANT.

25. That the CITY subsequently awarded $250,000.00 to eighteen (18) different recipients under the FIRST GRANT.

26. That DIMPLES did not receive any award of funds under the FIRST GRANT.

27. That based upon published information, the COMMITTEE was responsible for reviewing, vetting, and awarding grant funds based on the applications received.

28. That the FIRST GRANT process utilized an application and detailed criteria.

29. That in truth and fact, the COMMITTEE did not make the final decision for Grant awards under the FIRST GRANT, but rather MASON was the sole decision maker in regard to the same.

30. That neither the CITY nor the COMMITTEE utilized the criteria as stated in the Grant materials.

31. That MASON exercised sole discretion over the FIRST GRANT recipients as opposed to the COMMITTEE.

32. That MASON disregarded the Grant criteria in making the Grant awards.

## SECOND GRANT

33.     That as a result of the continuing COVID Pandemic, in and around April 2020, the CITY authorized and funded an additional Small Business Grant Program (hereinafter the "SECOND GRANT").

34.     That the SECOND GRANT was supported by an application together with criteria for the award of any such grant funds. (Further, attached hereto incorporated herein and made a part hereof as Exhibit "A" is a true and correct copy of the SECOND GRANT application and criteria materials).

35.     That the SECOND GRANT required all application materials to be received by the CITY by April 29, 2020 at 4:00 p.m.

36.     That DIMPLES applied for the SECOND GRANT and submitted its application prior to the April 29, 2020 deadline.

37.     That DIMPLES met each and every criteria of the SECOND GRANT as shown with in the criterion selection material.

38.     That DIMPLES, based upon the published criteria for the SECOND GRANT, was not precluded from receiving grant funds.

39.     That the review and award of monies under the SECOND GRANT was administered by the same Funding Selection Committee as the FIRST GRANT (as cited earlier the "COMMITTEE").

## ATTENDANCE AT RALLY

40. That on April 24, 2020, DENIS attended the "Wisconsin Freedom Rally #Reopen Wisconsin" held at the State Capital in Madison, Dane County, Wisconsin (hereinafter the "RALLY").

41. That the RALLY was generally attended by those persons advocating for lifting of the Wisconsin "Safer at Home" Order that had been issued by the Wisconsin Governor prior.

42. That attendance at the RALLY was and is an exercise of an individual's First Amendment right, freedom of speech and right to assemble, under the United States Constitution.

43. That DENIS attended the RALLY as a curious onlooker.

44. That DENIS wore a face covering and maintained social distancing throughout his time at the RALLY.

45. That while at the RALLY, DENIS was shown on Milwaukee TV station, WTMJ4.

46. That the raw/live video feed from WTMJ4 clearly shows DENIS standing apart from the crowd.

47. That the raw/live video feed from WTMJ4 clearly shows DENIS wearing a face covering.

48. That DENIS was subsequently interviewed by WTMJ4, at WTMJ's request.

49. That, when DENIS was interviewed by WTMJ4, he lowered the mask that he was wearing as to speak into a microphone which was extended to him on a pole with the reporter more than six feet away.

50. That DENIS advised WTMJ4 that he was "not in the crowd" but rather on the fringes observing the RALLY.

51. That DENIS spoke to the fact that people can "care about both things at the same time" in reference to those concerned about governments restrictions harming business and those concerned about their personal safety relative to the COVID pandemic.

52. That, when the WTMJ4 interview concluded, DENIS can be seen adjusting his mask and reinserting the same over his nose and mouth.

53. That, at the time of the RALLY, there was no Constitutional restriction on DENIS attending the RALLY.

54. That, in attending the RALLY, DENIS was exercising his First Amendment Rights including freedom of speech and the right to assemble.

### AWARD UNDER SECOND GRANT

55. That the award of funds under the SECOND GRANT were announced on or about May 12, 2020.

56. That the COMMITTEE responsible for the award of grant funds was chaired by MASON.

57. That the COMMITTEE did not vote on whom was to be awarded funds under the SECOND GRANT.

58. That the COMMITTEE did not score the SECOND GRANT applicants.

59. That the COMMITTEE did not rank the SECOND GRANT applicants.

60. That the COMMITTEE did not utilize the SECOND GRANT criteria set forth for selection.

61. That in truth and in fact, MASON was the sole decider of the funds awarded under the SECOND GRANT.

62. That MASON had the sole discretion and decision, over the COMMITTEE, to determine who received funds under the SECOND GRANT.

63. That the selection process for the FIRST GRANT and SECOND GRANT was procedurally the same.

64. That, given the makeup of the COMMITTEE, the CITY had full knowledge that MASON was acting as the sole decision maker.

## DENIAL OF SECOND GRANT

65. That DIMPLES was notified on May 12, 2020, via email, that it did not receive funds under the SECOND GRANT. (Further, attached hereto incorporated herein and made a part hereof as Exhibit "B" is a true and correct copy of the Denial Notice).

66. That DIMPLES met each and every one of the criteria as shown within the application.

67. That several businesses that were awarded funds under the SECOND GRANT did not meet each of the criteria under the application.

68. That several businesses that were awarded funds were not current with CITY or Racine County Real Estate Taxes.

69. That the maximum amount available to DIMPLES would have been $6,500.

70. That upon learning that they had been denied for the SECOND GRANT, DIMPLE contacted MASON to inquire why.

71. That on May 13, 2020, DIMPLE spoke with MASON about why they were denied any funds under the SECOND GRANT.

72. That during the May 13, 2020 discussion, MASON initially told DIMPLE they did not receive any grant funds because all of the monies were expended.

73. That when DIMPLE further inquired with MASON, he confirmed that they did not receive any grant funds because of DENIS' presence at the RALLY on April 24, 2020.

74. That MASON, during the May 13, 2020 discussion, further advised DIMPLE that no award was made because of DENIS' reckless conduct in attending the RALLY.

75. That attending any RALLY or personal conduct was not a criterion to be considered under the SECOND GRANT.

## MASON'S STATEMENT TO MEDIA

76. That on or about June 26, 2020, the Racine Journal Times sought comment from MASON regarding the denial of grant funds to DIMPLES.

77. That in response to the June 26, 2020 inquiry, MASON advised that, "I cannot in good conscience send scarce CITY resources to a person or business that willingly jeopardized public health, especially when they were competing with other businesses who were not flagrantly violating safety measures."

78. That MASON additionally responded to the Racine Journal Times on June 26, 2020 advising that, "the CITY is not going to award business owners who took reckless behaviors that risked the health of our community."

79. The statements made by MASON relative to the denial of any grant funds to DIMPLES were subsequently covered by local Milwaukee TV stations and published on their websites including, but not limited to, Channel WDJT, Channel 58, Milwaukee and Fox 6, Channel 6, Milwaukee.

80. That, upon information and belief, neither MASON nor the COMMITTEE conducted any inquiry as to any other Grant Applicant's attendance at public gatherings and/or personal conduct.

81. That an individual's or businesses' conduct relating to travel or social distancing was not a published factor to be considered by the COMMITTEE in awarding or denying grant funds.

## COUNT I

## VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION – 42 U.S.C. § 1983

82. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count.

83. The First Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment of the United States Constitution and enforceable pursuant to 42 U.S.C. § 1983, provides that States may not abridge the freedom of speech or the right to peaceably assemble. The First Amendment secures the rights of individuals to express themselves without unjustified interference or constraint by the Government, including municipal subdivisions thereof, i.e., the CITY, which may not prohibit the expression on an idea.

84. That DENIS' appearance at the RALLY constitutes speech, symbolic action, expressive conduct and the right to assemble protected by the First Amendment of the United States Constitution.

85. That MASON and the CITY took action, including the denial of SECOND GRANT funds, against DENIS, DIMPLE and DIMPLES, to inhibit, suppress and otherwise regulate DENIS' speech, DENIS' viewpoint, the symbolic value and/or communicative impact. MASON and the CITY's conduct has had the desired effect of chilling DENIS' right of free speech, expression and the right to assemble.

86. That MASON and the CITY acted under color of law in denying the SECOND GRANT.

87. That MASON as a CITY official with final policy making authority makes MASON and the CITY proper parties to this action.

88. That MASON and the CITY's actions were not narrowly tailored to achieve any compelling CITY interest.

89. That MASON and the CITY violated DENIS, DIMPLE AND DIMPLE'S rights, privileges, and immunities under the First Amendment of the United States Constitution, made applicable to the Defendants by the Fourteenth Amendment.

90. That the Plaintiffs have suffered, and will continue to suffer, damages as a direct result of Defendants' failure to comply with the First Amendment and the utilization of the First Amendment as basis to deny grant funds to the Plaintiffs.

## COUNT II

### VIOLATION OF THE FOURTEETH AMENDMENT TO THE UNITED STATES CONSTITUTION – 42 U.S.C. § 1983

91. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count.

92. That the Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no State shall deny any person the equal protection of the laws.

93. That under the Equal Protection Clause, MASON and the CITY utilized an improper purpose to deny grant funds to DIMPLES, DENIS and DIMPLE based upon DENIS' expression of his First Amendment Rights. There is an equality of status in the field of ideas and expression and MASON and the CITY must afford all points of view an equal opportunity to be heard.

94. That neither MASON nor the CITY inquired as to any other Grant Applicant if it had attended a rally or otherwise traveled outside of the City as a condition to Grant approval.

95. That the CITY, by MASON as its official with final policy making authority, has allowed for different treatment by those persons expressing opposite views of MASON and/or the CITY; to wit, DENIS' attendance at the RALLY.

96. That by treating DENIS, DIMPLE and DIMPLES differently, MASON and the CITY asserted a direct bearing on fundamental interest in free speech and the right to assemble. The CITY nor MASON have no compelling interest in justifying the creation and treatment of DENIS, DIMPLE and DIMPLES differently to serve any legitimate governmental interest.

97. That MASON specifically treated DENIS, DIMPLE and DIMPLES differently than other persons similarly situated by not inquiring as to other Grant Applicant's conduct outside of the Grant Application criteria.

98. That MASON and the CITY have utilized DENIS' First Amendment expression of rights, as a means to deny grant funds whereas neither the CITY, MASON, nor the COMMITTEE made any inquiry as to similarly situated persons or entities and the same violates the Equal Protection Clause.

99. That Plaintiffs were denied a grant award based on constitutionally protected criterion while other similarly or less situated persons were never investigated for the same or similar conduct. As a result of the Plaintiffs having not been equally treated under the law. The Plaintiffs are specifically treated unequally under the Fourteenth Amendment. *See, Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).

100. That Plaintiffs have suffered, and will continue to suffer, damages as a direct result of Defendants' failure to comply with the Fourteenth Amendment of the United States Constitution.

101. That the Defendants, acting under color of law, have engaged in a series of actions that have deprived Plaintiffs of their rights to be treated fairly, equitably, and consistent with their rights secured by both state and federal law.

## COUNT III

### CONSTITUTIONAL VIOLATION – CORY MASON AND CITY OF RACINE
### DUE PROCESS – MONELL VIOLATION

102. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count.

103. The CITY is a liable party under 42 U.S.C § 1983 based upon the practice of organizing the COMMITTEE to administer the FIRST and SECOND GRANT.

104. The CITY is a liable party based upon the practice of establishing criteria applicable to both the FIRST GRANT and SECOND GRANT, yet not ensuring compliance with using the criteria.

105. The CITY is a liable party by allowing MASON to disregard the COMMITTEE and selection criteria in selecting recipients under the FIRST GRANT and SECOND GRANT.

106. That the formation of criteria and the empaneling of the COMMITTEE constitutes a pattern, custom and practice.

107. That allowing MASON to unilaterally award grant funds under the FIRST GRANT and SECOND GRANT, contrary to the structure of the COMMITTEE and in disregard to the criteria constitutes a pattern and practice.

108. That MASON with such sole authority, utilized improper and constitutionally protected rights as a basis for denial to DIMPLE, DENIS, and DIMPLES.

109. That the CITY has caused or allowed a practice to occur that resulted in a Constitutional deprivation, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

## COUNT IV

### VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE

110. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count.

111. That MASON intentionally treated DENIS differently than others similarly situated without any rational basis for the disparate treatment.

112. That DENIS constitutes a "class of one" as he does not allege membership in a protected class or group but was treated differently than other similarly situated, pursuant to *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).

## COUNT V

### COMMON AND STATE LAW DEFAMATION

113. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count.

114. That MASON, individually, but in his official capacity, made intentional statements about DENIS that were untrue.

115. That the false statements pertaining to DENIS were made to various media outlets and disseminated to persons throughout Racine, Kenosha, Walworth, Milwaukee, Ozaukee, Waukesha, and surrounding counties based upon the network reach of two Milwaukee TV stations.

116. That the untrue comments made by MASON were disseminated by the Racine Journal Times in and around the greater Racine County metro area.

117. That DENIS has a certain standing and reputation within the community that has been damaged by the false statements by MASON.

118. That the statements made by MASON were unprivileged and defamatory.

119. That the statements made by MASON were made with actual malice toward DENIS.

120. That MASON, in making the statements asserted in paragraphs 76 through 80 and fully incorporated by Exhibit "C", about DENIS, either knew such statements were false or with a reckless disregard whether they were true or not.

121. That DENIS, in regard to the State Law Claim for Defamation, previously served upon the CITY a Notice of Claim pursuant to Wis. Stats. §893.80. (Further, attached hereto incorporated herein and made a part hereof as Exhibit "C" is a true and correct copy of the Notice of Claim document).

122. That the CITY subsequently denied the Notice of Claim in writing with Notice provided to DENIS on October 28, 2020. (Further, attached hereto incorporated herein and made a part hereof as Exhibit "D" is a true and correct copy of the written Denial of Claim).

## COUNT VI

### PUNITIVE DAMAGES PER WIS. STATS. §895.043(3)

123. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count.

124. That the false statements made by MASON were done maliciously with intentional disregard for DENIS' rights.

125. That MASON displayed "actual malice" in making such false and defamatory statements about DENIS and either knew such statements were false or with reckless disregard whether they were true or not.

## COUNT VII

### PUNITIVE DAMAGES PER WIS. STATS. §895.043(3) AND *SMITH V. WADE,* 461 U.S. 30, 51, 103 S.Ct. 1625, 1637 (1983)

126. Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count.

127. That the actions complained of herein were done maliciously and with an intentional disregard for DENIS' rights.

128. That the punitive damages sought herein against MASON is based upon the intentional conduct and/or reckless or callous disregard for the rights of DENIS and DIMPLES based upon the conduct of MASON.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. To enter judgment against the Defendants;

B. To enter judgment declaring that the acts of the Defendants be in violation of the Plaintiffs' Constitutional Rights of freedom of speech, equal protection and due process;

C. For an award of the Plaintiffs' costs, interest and reasonable attorney's fee for this action pursuant to 42 U.S.C. § 1988 and other relevant statutes;

D. For an award of damages and punitive damages as prayed for;

E. For punitive damages in an amount to be determined at trial; and

F. For such other relief as the court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury for the issues of fact in this action.

Dated this 15th day of February 2021.

                                    **TERRY & NUDO, LLC,**
                                    Attorneys for the Plaintiffs

00355459.docx

                                    By: _____
                                           Todd A. Terry, Attorney at Law
                                           State Bar Number: 1047175

**DRAFTED BY:**

TERRY & NUDO, LLC
Todd A. Terry, Attorney at Law
SBN: 1047175
4003 80th Street, Suite 101
Kenosha, WI 53142
Telephone: (262) 842-2338
Facsimile: (262) 584-9949
Email: Todd@LawMidwest.com